*596 DREW, J.
liKalencia Young and Ashley Newsome sued Gerald Adams and his insurer, Allstate Insurance Company, after Adams allegedly ran a red light at the intersection of DeSiard and Renwick Streets in Monroe, Louisiana. The trial court found Adams to be more credible and rendered judgment in his favor, at the cost of Young and Newsome. Plaintiffs’ motions for new trial was granted.
At the new trial, all the previous testimony was included, plus some additional filings were made. Adams again testified.
The trial court again rendered judgment in favor of Adams. Young and Newsome have appealed. We affirm.
BACKGROUND
On October 18, 2007, Kalencia Young and her passenger, Ashley Newsome, were traveling on DeSiard Street toward its intersection with Renwick Street. During that time, Gerald Adams was driving on Renwick Street toward the same intersection. The cars collided at the intersection, with Adams’ pickup truck striking the passenger side of Young’s car.
Adams claimed that he had the green light; Young and Newsome claim they had the green light. The trial court believed Adams.
Officer Tobyn R. Berry testified, through his deposition, that he came to the scene immediately after the accident. He questioned both drivers and inspected the traffic light to determine that it was properly working. Berry also questioned two bystanders, Jimmie White and Linda Patton, as possible witnesses to the accident. Neither White nor Patton testified at the first trial, |?but White’s deposition was admitted into evidence at the second trial.[1] White claimed that he saw Adams talking on his cell phone as Adams approached the intersection. White also alleged that the traffic light was red for Renwick Street, on which Adams was traveling.
Adams testified that he was not on his cell phone at the time of the accident and that his light was not red. Young and Newsome attempted to subpoena Patton, but were unable to serve her. After his very brief investigation, Officer Berry issued a ticket to Adams for running the red light.
Both plaintiffs were pregnant at the time. They were taken by ambulance to the St. Francis Emergency Room, where they were released the same day.
The trial court rendered judgment in favor of Adams, finding his testimony more credible than the entirety of the plaintiffs’ case. All claims against Adams and his insurer were dismissed.
Young and Newsome moved for a new trial, seeking the opportunity to subpoena the two witnesses. A new trial was granted.
Plaintiffs were able to serve Jimmie White, but not Linda Patton. White failed to appear in court, so Young offered his deposition into evidence. The trial court once again entered judgment in favor of Adams and dismissed all claims against Adams and his insurer. •
1 ^Assignment of Error Number One: Was the trial court clearly wrong in accepting Adams’ testimony over that of Young and Newsome?
Plaintiffs argue that the trial court’s ruling is manifestly erroneous on the evidence presented since it accepted the uncorroborated testimony of Adams and failed to *597 give any weight to the corroborated testimony of Jimmie White[2] and the plaintiffs.
Adams counters that plaintiffs contradicted each other as to the facts of the case. The two women had trouble remembering what happened, particularly what happened immediately before the crash.
Young could not remember what lane she was traveling in or if there were other vehicles around.
Newsome also testified that she did not know what lane they were in, nor could she recall any witnesses at the scene.
One plaintiff said they went through the intersection at 30-35 mph; the other plaintiff said they had stopped at that very red light, and proceeded [¿into the intersection when Adams ran into them. At least one plaintiff was very wrong in her recollection on this point.
Both Young and Newsome were absolutely positive that they had the green light. On this one point, they totally agreed.
The testimony of Young and Newsome is also supported by Officer Berry’s deposition as to their description of the accident. After questioning both White and Patton at the scene of the accident, Officer Berry concluded that Adams had run the red light and issued him a ticket. White and Patton saw the accident at different angles, and each of them claimed that Adams was the one who ran the red light. Since Patton could not be located, only White’s deposition was admitted into evidence. Plaintiffs argue that the only evidence favoring the defense is Adams’ own self-serving testimony, which is uncorroborated.
Adams’ testimony clearly recalled that Young’s vehicle was traveling in the left lane of DeSiard, with another vehicle in the right lane. He testified that the vehicle in the right lane stopped at the red light where Young failed to yield. Adams argues that his testimony should be found more credible, as it has not changed. Young and Newsome testified inconsistently with their own depositions.
DISCUSSION
A trier of fact’s decision to hold the testimony of one of two or more witnesses more credible does not constitute manifest error. Where there is conflict in testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the 1 ^appellate court may feel that its own evaluations and inferences are as reasonable. Rosell v. ESCO, 549 So.2d 840 (La.1989). The trier of fact is in a better position to evaluate the credibility of witnesses and make factual determina *598 tions than is a reviewing court. Stobart v. State, 617 So.2d 880 (La.1993). Deference is given to the trier of fact’s findings when those findings are based on determinations regarding the credibility of witnesses; only the fact finder can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener’s understanding and belief in what is said. Rosell, supra.
Only the parties gave testimony in court.[3] Everything else was depositions, photos, or other filings. The trial court was in a position to judge who was credible and who was incredible. Even though an appellate judge may have ruled differently at trial, there is no way to adjust a verdict on the appellate level without finding manifest error.
Though we are troubled by the evidence against Adams, we still are unable to substitute our judgment over the trial court, which had the opportunity to determine credibility, while we are constrained by reading the cold transcript.
We do not find that the trial court was clearly wrong. Accordingly, we affirm the judgment in favor of Gerald Adams and against the plaintiffs, against whom all costs of court shall be cast.
| (jSince we are affirming the judgment in favor of defendant, it will be unnecessary to review the assignment of error urged in relation to the damages sought by plaintiffs.
DECREE
At the cost of plaintiffs, the judgment of the trial court is AFFIRMED.
CARAWAY, J., dissents with written reasons.

. Patton was never served and never testified.

. Allegedly an eyewitness, Jimmie White, in his deposition observed the accident as follows:
A: I was looking right at the driver. I could tell what he was doing and everything. I was looking at what he was doing and everything. He was on the cell phone when the accident occurred ... he was on his cell phone[.]
Q: Did you see what color the light was before this accident happened?
A: [T]he light was green coming from West Monroe going down DeSiard. It was red— it had turned red coming off of Renwick— Renwick Street.
Q: So the man driving the truck ... had the red light?
A: He had the red light. That's right. He was distracted by the phone I’m sure[.]
[[Image here]]
A: If he hadn’t of [sic] been on the phone, he would have knowed [sic] it — If he hadn’t been on the phone, he would have seen the light red ... he was far enough to stop if he hadn't of [sic] been on that phone.
[[Image here]]
A: She had the green light ... On DeSiard ... she had the green light.

. Ponderantur testes, non numerantur.