KUHN, J.
| ^Defendant-appellant, Hamid Ghassemi, appeals the family court’s judgment concluding that he and plaintiff-appellee, Tah-ereh Ghassemi, were married. We affirm.
The parties, who were born and raised in Iran, are first cousins whose fathers were stepbrothers. On May 22, 2006, Mrs. Ghassemi filed a petition seeking a divorce, spousal support, partition of community property, and injunctive relief, averring that Mr. Ghassemi was purportedly married to another woman and that, as such, she was entitled to a divorce on the grounds of adultery. In response, Mr. Ghassemi filed, among other things, a pleading suggesting that because the United States had no diplomatic relations with Iran, and the parties were first cousins, under principles of comity and/or conflicts of law, the family court in Baton Rouge was under no obligation to give legal effect to the Iranian marriage. He also sought declaratory relief at the same time. After a hearing, the family court declined to recognize the parties’ marriage and dismissed Mrs. Ghassemi’s petition.
On appeal, this court reversed, noting that Mr. Ghassemi had conceded for purposes of the appeal that a marriage between first cousins is valid under Iranian law. As such, we concluded that the family court had erred by dismissing Mrs. Ghassemi’s petition; and that under Louisiana law, if the marriage was valid in the place where it was contracted, it was cognizable in Louisiana absent a violation of strong public policy. See Ghassemi v. Ghassemi 2007-1927 (La.App. 1st Cir.10/15/08), 998 So.2d 731, 740-42, writs denied, 2008-2674, 2008-2675 (La.1/16/09), 998 So.2d 104 (relying in part on La. C.C. art. 3520 A). After a detailed review of the history of Louisiana’s policy on first-cousin marriages, we concluded Rthat, un *403 der conflicts-of-law principles, although first-cousin marriages are presently against the law in Louisiana, the policy prohibiting such marriages was not so strong as to preclude a Louisiana court from recognizing a validly contracted first-cousin marriage in another place. See Ghassemi, 998 So.2d at 742-50. Thus, we remanded the matter to family court for further proceedings. Ghassemi, 998 So.2d at 750-51.
Subsequent to this court’s reversal of the family court’s judgment and the Louisiana Supreme Court’s denial of writs, the family court took up the merits of the validity of the marriage between the parties. A two-day hearing was held on January 27 and 28, 2011. On March 3, 2011, the family court issued written reasons for judgment, concluding that Mr. and Mrs. Ghassemi “entered into a valid marriage on April 8, 1976, [in] Bam, Iran[,] which was documented by the Marriage Deed.”
Before the family court actually issued its judgment on the merits, Mr. Ghassemi filed a rule to show cause why the relief Mrs. Ghassemi requested should not be limited to the marital portion. The pleading, identifying the marital portion as the “mahr,” averred, “[i]t is a sum of money promised to be paid by the husband to the wife which is payable upon demand and can be claimed at any time after the matrimonial deed is executed by the parties.” Mr. Ghassemi’s pleading further elaborated about the mahr, stating it “is negotiated between the parents of the bride and groom and ... their agreement regarding the amount of the [mahr] is incorporated into the matrimonial deed which is a binding civil contract between the parties.” Mr. Ghassemi then “respectfully requested] ... judgment finding that the | ¿only relief which [Mrs. Ghassemi] is entitled to receive from [him] is the [mahr] as set forth in the copy of the matrimonial deed.”[1]
On April 19, 2011, the family court signed its judgment in conformity with its written reasons, decreeing “that the parties were married in Bam, Iran on April 8, 1976.” That same day, Mr. Ghassemi’s suspensive appeal was granted. In this appeal, Mr. Ghassemi maintains that the family court erred in its conclusion that he and Mrs. Ghassemi were married, urging that the family court’s conclusion was manifestly and legally erroneous.[2]
Mrs. Ghassemi’s testimony, as detailed by the family court in its written reasons for judgment, clearly and unequivocally supports the conclusion that “the parties were married in Bam, Iran on April 8, 1976.” Thus, the family court judgment is not manifestly erroneous. See Stobart v. *404 State, 617 So.2d 880, 882 (La.1993); see also Young v. Allstate Ins. Co., 45,512 (La.App.2d Cir.8/18/10), 47 So.3d 595, 597 (a trier of fact’s reliance on the testimony of one witness, which it holds more credible than other witnesses, is not manifestly erroneous).
Mr. Ghassemi complains that the family court legally erred in imposing an adverse presumption against him because he was not present for the hearing on the 1.¡merits of the validity of the marriage. He points to the written reasons for judgment, which indicate that the family court applied the adverse presumption against him when he did not testify.
A party appeals from a judgment, not the written reasons for judgment. See Greater New Orleans Expressway Comm’n v. Olivier, 2002-2795 (La.11/18/03), 860 So.2d 22, 24.
Initially, we note that Mr. Ghassemi did not request a continuance as a result of his alleged inability to be present at the hearing.[3] The record contains sufficient evidence to support the family court’s conclusion that the parties were married without an application of the adverse presumption against Mr. Ghassemi for failing to testify. Thus, there was no legal error in the family court’s judgment on this basis.[4]
Additionally, as Mr. Ghassemi pointed out in brief, prior to the hearing on the merits of the validity of the marriage, he vehemently denied a marriage existed in both his pleadings and answers to interrogatories. In her testimony, Mrs. Ghas-semi admitted that Mr. Ghassemi denied he was married to her. And Hessam Mar-zaei, Mr. Ghassemi’s expert in Iranian law, articulated his opinion that Mrs. Ghassemi was not legally married to Mr. Ghassemi in Bam, Iran on April 8, 1976. Thus, to the | ¡¡extent that the trier of fact was presented with conflicting versions of the facts, the family court’s decision to credit Mrs. Ghassemi’s version over that Mr. Ghassemi is not manifestly erroneous. See Stobart, 617 So.2d at 882.
Mr. Ghassemi also asserts legal error by challenging the efficacy of the documents Mrs. Ghassemi offered as further evidence of her marriage to Mr. Ghassemi. He points to the family court’s comments in its written reasons for judgment, which indicate reliance on an exhibit not admitted into evidence.
Again, we emphasize that it is the judgment, not the reasons for judgment, which forms the basis of an appeal. See Greater New Orleans Expressway Comm’n, 860 So.2d at 24. Because the record amply supports the judgment decreeing that the parties entered into a valid marriage on April 8, 1976, based solely on the testimonial evidence, the action of the family court was harmless error.
Moreover, in his pleading entitled “Motion and Order for Divorce,” filed on July 26, 2011, during the pendency of his suspensive appeal, Mr. Ghassemi judicially requested a divorce from Mrs. Ghassemi, stating that he “respectfully requests that a rule to show [cause] be issued in this captioned matter ordering [Mrs. Ghasse- *405 mi] to show cause, if she can, why a judgment of divorce should not be granted in this matter,” pled subsequent to the lodging of his suspensive appeal. This pleading was unconditional and unequivocal. As such, he is now judicially estopped from denying the fact that he was married to Mrs. Ghassemi. See Lawman v. Merrick, 2006-0921 (La.App.1st Cir.3/23/07), 960 So.2d 84, 92 (the doctrine of judicial estop-pel prohibits parties from deliberately changing positions according to the exigencies of the moment. The doctrine is intended to prevent the perversion of the judicial process and prevents playing fast and loose with the |7courts). [...] Thus, the family court judgment is correct on this alternative basis as well.
DECREE
For these reasons, [...] the family court judgment, decreeing that the parties were married on April 8, 1976, is affirmed. Appeal costs are assessed against defendant-appellant, Mr. Hamid Ghassemi.
AFFIRMED.
HUGHES, J., dissents with reasons.
GUIDRY, J., concurs in the result and assigns reasons.

. Mr. Ghassemi’s description of the mahr in his pleading was based on the testimony of Hessam Marzaei, who was accepted as an expert in Iranian law at the January 2011 hearing on the merits of the validity of the marriage. We note that Mr. Ghassemi's allegations about the applicability of the mahr fail to account for the directives of La. C.C. arts. 2329 (permitting spouses to enter into a matrimonial agreement without court approval during the first year after moving into and acquiring domicile in this state), 2324 (the legal regime of community of acquets and gains applies to spouses domiciled in this state regardless of their domicile at the time of marriage or the place of celebration of the marriage), and 2340 (things in the possession of a spouse during the existence of a regime of community of acquets and gains are presumed to be community).

. Mr. Ghassemi failed to offer, either in evidence or in brief, the provisions of the laws of Iran that he maintains are applicable to establish the marriage. Because we are without independent access to the laws of Iran and since Mr. Ghassemi has not challenged the provisions Mrs. Ghassemi supplied and implicitly were relied upon by the family court, we apply that version of the provisions of Iranian law in this appellate review.

. Mr. Ghassemi averred that he was unable to travel to the family court in Baton Rouge because he was suffering from serious health problems that forced him to remain bedridden in Columbia, where he presently resides with Gloria (whom he represents to others as his wife) and their minor child.

. Without reviewing the propriety of such an action but assuming for purposes of this appeal that an application of the adverse presumption in this case were error, on a de novo review of the record, we would likewise conclude, that the parties entered into a valid marriage based on Mrs. Ghassemi’s testimony.