LOLLEY, J.
This appeal arises from the First Judicial District Court, Caddo Parish, Louisiana, wherein Ruby Frazier filed a personal injury action against Craig Shady, Jr., after an automobile accident. Frazier now appeals a judgment rendered in favor of Shady. For the following reasons, we affirm the judgment of the trial court.
FACTS
Around 3:51 p.m. on June 25, 2012, an automobile accident occurred involving Ruby Frazier and Craig Shady, Jr., on Financial Plaza, in Shreveport, Louisiana. Financial Plaza is a service road with two westbound lanes and one eastbound lane of traffic. Shady and Frazier were both traveling westbound on Financial Plaza, when the front passenger side of Frazier’s 2011 Mercedes and the driver side of Shady’s truck collided. Both vehicles were almost completely within the eastbound lane when the accident occurred.
Frazier was transported from the scene by ambulance, and Shady was taken to the hospital by his wife. An accident report was prepared by Shreveport Police Officer Gary Thomas, but no citations were issued at the scene. Frazier had already left in the ambulance by the time Off. Thomas arrived. Both vehicles sustained moderate damage according to Off, Thomas’s report.
Shady settled with Frazier’s insurer out of court, but Frazier filed suit against Shady, State Farm County Mutual Insurance Company of Texas (“State Farm”) (Shady’s insurer), and Geico Casualty Insurance Company (“Geico”) (Frazier’s UM carrier).[1] A one-day bench trial ensued, judgment was rendered finding Shady free of fault, and Frazier’s suit was dismissed. This appeal by Frazier ensued.
DISCUSION
On appeal Frazier presents one assignment of error, arguing that the trial court erred because it found her at fault for the accident. Frazier claims that she was traveling in the left hand lane when Shady turned left from the right westbound lane *876 and the impact of the collision pushed her car into the eastbound lane. The trial court found that the evidence did not support Frazier’s claim. :
In civil cases, the appropriate standard for appellate review of factual determinations is the manifest, error-clearly wrong standard, which precludes setting aside a trial court’s finding of fact unless that finding is clearly wrong in light of the record reviewed in its entirety. Cenac v. Public Access Water Rights Ass’n, 2002-2660 (La.06/27/03), 851 So.2d 1006, citing Rosell v. ESCO, 549 So.2d 840 (La.1989); Hopkins v. Nola, 46,114 (La.App.2d Cir.03/09/11), 58 So.3d 1075. To reverse a factfinder’s determination under this standard of review, an appellate court must undertake a two-part inquiry: (1) the court must find from the record that a reasonable factual basis does not exist for the finding of the trier of fact; and (2) the court must further determine the record establishes the finding is clearly wrong. Stobart v. State Dept. of Transp. and Dev., 617 So.2d 880 (La.1993). Ultimately, the issue to be resolved by the reviewing court is not whether the trier of fact was right or wrong, but whether the factfinder’s conclusion was a reasonable one. Id. If the factual findings are reasonable in light of the record reviewed in its entirety, a reviewing court may not reverse even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Id. Only where documents or objective evidence contradict the witness’s story, or the story itself is so internally inconsistent or implausible on its face, that a reasonable fact finder would not credit the witness’s story, may the court of appeal find manifest error or clear wrongness even in a finding purportedly based upon a credibility determination. Rosell, supra.
Where there are two permissible views of the evidence, the factfinder’s choice between them cannot be manifestly erroneous or clearly wrong. Id.; Jewitt v. Alvarez, 50,083 (La.App.2d Cir.09/30/15), 179 So.3d 645, 649. Where the factfinder’s determination is based on its decision to credit the testimony of one or more witnesses, that finding can virtually never be manifestly erroneous. Snider v. Louisiana Med. Mut. Ins. Co., 2014-1964 (La.05/05/15), 169 So.3d 319; Calumet GP, LLC v. Garrett, 50,341 (La.App.2d Cir.01/20/16), 186 So.3d 712, 716, writ denied, 2016-0301 (La.04/08/16), 191 So.3d 587. Deference is given to the trier of fact’s findings when those findings are based on determinations regarding the credibility of witnesses; only the fact finder can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener’s understanding and belief in what is said. Rosell, supra; Young v. Allstate Ins. Co., 45,512 (La.App.2d Cir.08/18/10), 47 So.3d 595, 598. Further, when findings are based on determinations regarding the credibility of witnesses, the manifest error-clearly wrong standard demands great deference to the trier of fact’s findings. Rosell, supra.
The only assignment of error raised by Frazier in her appeal focuses on the trial court’s determination to credit Shady’s testimony over her own. However, under these circumstances the trial court’s choice between two permissible views of the evidence is not manifestly erroneous or clearly wrong. Here, the trial court exercised its vast discretion and made a factual determination based on the testimony and. evidence presented at trial.
During trial, Shady testified that while waiting to meet a coworker to drop off some supplies, he was sitting in his truck in a parking lot adjacent to the meeting *877 location because he was able to utilize free Wi-Fi. When it was time for him to move to the meeting location, Shady stated that he pulled out into the left westbound lane of Financial Plaza, traveled about 300 feet, stopped, and signaled his intention to turn left into the La Quinta Inn parking lot. Shady explained that he stopped to allow a truck traveling eastbound to pass him before making his turn. Once the truck passed, Shady stated that he began making a left turn when he saw a black car cut out to the left. He claimed he attempted to cut the wheel back right, but he was already in the process of turning left and already almost completely across the double yellow lines separating the west and eastbound lanes of traffic. Shady testified that Frazier attempted to pass him on the left by entering a lane of oncoming traffic while he was attempting to make his turn.
Frazier testified that she lives very close to the area where the accident occurred and travels on Financial Plaza regularly. She stated she always travels in the left hand lane when going to the post office, as she was that afternoon. She further stated that she was paying attention to driving and did not see Shady’s truck until the collision occurred, but she also claims that she saw Shady in the right hand lane immediately before he came over into the left hand lane, which was occupied by her, and that the impact of Shady’s truck hitting her Mercedes pushed the vehicles into the eastbound lane of traffic.
Still photos pulled from the dashboard camera video taken by Off. Thomas’s patrol car depict both vehicles at issue almost completely in the eastbound lane. It is clear from the photos that both vehicles are very close to the entrance to the parking lot that Shady was attempting to turn into. The photos show, and Frazier’s testimony confirmed, that her Mercedes was completely across the double yellow line, and in the eastbound lane.
The trial court stated in its opinion:
Photos introduced into evidence show that the accident occurred in the oncoming lane of travel[,] i.e. the opposite direction in which Frazier and Shady’s vehicles were traveling. The photos of impact are consistent with Mr. Shady’s testimony as to how the accident occurred.
The evidence as well as the uncontra-dicted testimony of Shady show that Mr. Shady was in the- left hand lane attempting to make his turn when the Frazier vehicle crossed the double yellow line and the accident occurred. This court finds that Ms. Frazier was solely at fault in causing the accident.
After a review of the record in its entirety, it is clear that the factual findings made by the trial court under these circumstances are reasonable. Frazier’s account of the events immediately leading up to the accident differ from Shady’s account. Further, as the trial court stated, the objective evidence was consistent with Shady’s account of the events; therefore, the trial court is not clearly wrong in its factual finding. The trial court weighed the credibility of both contradictory accounts of the accident and permissibly found in favor of Shady and not Frazier. Even if our view of the evidence differed from that of the trial court, it is not the role of the appellate court to substitute its judgment in place of the trial court’s findings. In making factual determinations, the trial court is given vast discretion which has not been abused here. We find this assignment of error has no merit.
CONCLUSION
For the foregoing reasons, we affirm the judgment of the trial court finding Ruby Frazier at fault for the accident and dis *878 missing her suit against Craig Shady, Jr. Frazier has filed this appeal informa pau-peris, and costs of this appeal are cast to her. in accordance with La. C.C.P. art. 5188.
AFFIRMED.

. Subsequently, Geico, filed a motion for summary judgment arguing that the stipulated cap on damages would not exceed the amount of coverage afforded to Shady through State Farm. Frazier stipulated that she would not seek more than the policy limit, and the trial court granted the motion and dismissed Geico from the case.